**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FRANCISCO CRUZ-ALICEA, et al. | * |
| Plaintiffs | * |
| v. | *  Civil No. 02-1383(SEC) |
| PUERTO RICO WATER AND SEWER AUTHORITY, et al. | * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court is Defendants' motion for summary judgment (Docket # 93). The same was referred to U.S. Magistrate Judge Gustavo A. Gelpí (Docket # 115) who recommended that Defendants' motion be denied in its entirety (Docket # 119). Defendants duly objected to the Magistrate's Report and Recommendation (Docket # 122) and Plaintiffs replied (Docket # 124). After carefully considering the parties' filings, the Magistrate's Report, and the applicable law, we will **APPROVE and ADOPT** certain portions of the Magistrate's Report and **REJECT** others as detailed below. Accordingly, Defendants' motion for summary judgment will be **GRANTED in part and DENIED in part**.

**Standard of Review**

While the Court is not required to review any issue raised or resolved in a Magistrate's report that is not the subject of a timely objection by the parties in the case, once an objection is raised, "[a] judge of the [district] court shall make a de novo determination of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(c). These objections must be filed in a timely manner and in accordance with the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however if the affected party fails to timely file

objections, "'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting, Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**Applicable Law and Analysis**

In his Report and Recommendation, Magistrate Gelpí addressed the three issues presented by Defendants in their motion for summary judgment, to wit: (1) whether Co-plaintiff Cruz-Alicea's Title VII claims are time barred, (2) whether he has established a *prima facie* case of hostile work environment, and (3) whether he was a victim of retaliation. After reviewing the applicable law and the facts of the case, Magistrate Gelpí recommended that summary judgment be denied due to the existence of issues of material fact precluding the entry of the same.

In their objections, Defendants assert that the Magistrate Judge "misse[d] several pertinent uncontested facts" and that although he laid out the correct standard for assessing the viability of Plaintiffs' Title VII claims, he did not apply it. Plaintiffs differ. We will address Defendants' argument as categorized by Defendants, legal objections and factual objections.

**1. Legal Objections**

Defendants' legal objections target the three main legal issues decided by the Magistrate. Namely, (i) whether Co-plaintiff Cruz-Alicea's Title VII claims are time barred, (ii) whether he has established a *prima facie* case of hostile work environment, and (iii) whether he was a victim of retaliation. We discuss each.

**(i) Time Barred**

Defendants do not object to Magistrate Gelpí's determination that Co-plaintiff Cruz-Alicea's Title VII claims are not time barred. However, they aver that the Magistrate ignored their allegation that the pendant parties' (Co-plaintiff Cruz-Alicea's spouse and their conjugal partnership) supplemental law claim under Article 1802 of the Puerto Rico Civil Code, 31

P.R. Laws Ann. § 5141, is time barred. Plaintiffs' response is off the mark. Plaintiffs would have the Court hold that since Co-plaintiff Cruz-Alicea's Title VII claims are not time barred, the pendent parties' Title VII claims are likewise timely. However, from the complaint it is clear that the pendent parties only asserted claims under Article 1802 and not under Title VII. Moreover, even if the pendent parties had asserted claims under Title VII, said claims would fail as they do not have standing to sue under Title VII. Ramos v. Roche Prods., Inc., 694 F. Supp. 1018, 1026 (D.P.R. 1988)(spouse and conjugal partnership have no standing to sue under Title VII); Bigsby v. Runyon, 950 F. Supp. 761 (N.D. Miss. 1996)(spouse had no standing to assert claim under Title VII); Crandall v. Prudential Life Ins. Co., 691 F. Supp. 814, 827 (D.N.J. 1988)(same).

We must determine then whether the pendent parties' Article 1802 claim is time barred, as suggested by Defendants. It goes without saying that Plaintiffs have not raised any argument as to why the pendent parties' Article 1802 claim, which carries a one year statute of limitations, 31 P.R. Laws Ann. § 5298(2), would have been tolled. However, Plaintiffs' stated in their response to Defendants' objections that there were additional incidents of discrimination which took place during the months of October, November, and December of 2001 (Docket # 124 at p. 11; Docket # 109 at SUF 40). It follows that the one year statute of limitations had not expired at the time of the filing of the instant complaint on March 14, 2002. Accordingly, the Magistrate Judge's alleged failure to address this point is without consequence.

**(ii) Hostile Work Environment**

As to the Magistrate's conclusion that there was an issue of material fact preventing the entry of summary judgment on Co-plaintiff Cruz-Alicea's hostile work environment claim, Defendants argue that: (1) "the purported discriminatory acts were carried [out] by Puerto Ricans, a circumstance[] that impedes a finding of discriminatory animus"; (2) the comments complained of are vague and imprecise and all other actions are void of racial

**Civil No. 02-1383(SEC)**                                                                                   4

connotation; (3) the Magistrate did not evaluate "whether the purported actionable discriminatory acts are objectively hostile or abusive on account of race" and whether said facts, as averred, "present no degree of hostility on account of race." (Docket # 122).

Defendants' first allegation is meritless. The Supreme Court has clearly rejected the theory that an employer will not discriminate against members of his or her own race. Oncale v. Sundowner Offshore Servs., 523 U.S. 75 (1998)(citing Castaneda v. Partida, 430 U.S. 482, 499 (1977)("Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of that group.")). Accordingly, we assign no weight to the fact that some of the alleged acts directed at Co-plaintiff Cruz-Alicea were carried out by members of his own race or of the same national origin.

Second, Defendants pinpoint that all but one of the incidents alleged by Plaintiffs are "void of any racial connotation." The one exception being Cristophe Meiller's statements that Puerto Ricans were "stupid," "cavemen," and "nobodies," which, in turn, Defendants argue are not actionable as they were never made part of the charges filed before the EEOC, a conclusion for which Defendants cite no supporting authorities. In this respect, we agree with Plaintiffs in that said omission is immaterial. "[T]he remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally." Stache v. Internat'l Union of Bricklayers & Allied Craftsmen, 852 F.2d 1231, 1233 (9th Cir. 1988). In addition, the EEOC complaints at issue made clear that the harassment was based on race and national origin. (Docket # 106 - Exhibits I, S & T). Therefore, any incident of race and/or national origin discrimination is "like or reasonably related to the allegations contained in the EEOC charge" and would have been encompassed by the EEOC's original investigation. Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973); Green v. L.A. County Superintendent of Schs., 883 F.2d 1472, 1475-76 (9th Cir. 1989). Thus, said incidents can be considered as predicate acts

**Civil No. 02-1383(SEC)** 5

for Co-plaintiffs' hostile work environment claim even though these were not included in the EEOC charge.

Defendants are also wrong in that the Court should analyze separately the comments uttered by Christophe Meiller,[1] Co-plaintiff Cruz-Alicea's superior, from the rest of the alleged acts giving rise to Co-plaintiff Cruz-Alicea's hostile work environment claim. "Courts should avoid disaggregating a hostile work environment claim, dividing conduct into instances of sexually oriented conduct and instances of unequal treatment, then discounting the latter category of conduct. Such approach defies the Meritor Court's directive to consider the totality of the circumstances and 'robs the incidents of their cumulative effect.'" O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001)(quoting Williams v. Gen. Motors Corp., 187 F.3d 553, 561 (6th Cir. 1999)). The alleged acts, though not explicitly racist or discriminatory on the basis of national origin, may nonetheless be considered and "could be found to have contributed significantly to the hostile work environment." Lipsett v. Univ. of P.R., 864 F.2d 881, 905 (1st Cir. 1988)(the "attack, although not explicitly *sexual*, was nonetheless charged with anti-female animus, and therefore could be found to have contributed significantly to the hostile environment"); Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607 (1st Cir. 2000)("Alleged conduct that is not explicitly racial in nature may, in appropriate circumstances, be considered along with more overtly discriminatory conduct in assessing a Title VII harassment claim."); Daniels v. Essex Group, Inc., 937 F.2d 1264, 1273 (7th Cir. 1991)("Even though the physical threat by Art was not specifically racial in nature, it may be considered as a predicate act in establishing racial harassment in a hostile work environment, because it would not have occurred but for the fact that Daniels was black.").

---

[1] Defendants attempt to discredit Plaintiffs' allegations regarding the conversation that Co-plaintiff Cruz-Alicea overheard. However, Defendants are reminded that when ruling on a summary judgment motion, the Court cannot weigh the evidence and must draw all reasonable inferences in favor of the nonmovant. Thus, we will disregard Defendants' contentions in this respect.

As to Defendants' last objection on this point, it is precisely the standard for ruling on motions for summary judgment that prevented the Magistrate Judge from weighing the evidence and determining whether or not the alleged acts created a hostile work environment. "'Subject to some policing at the outer bounds,' it is for the jury to weigh those facts and decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it affected the conditions of her employment." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 19 (1st Cir. 2002)(quoting Gorski v. N.H. Dep't of Corrections, 290 F.3d 466, 474)). That said, upon review of the alleged instances of harassment in this case, combined with the comments allegedly made by Co-plaintiff Cruz-Alicea's supervisor, we agree with the Magistrate Judge in that there is an issue of material fact as to the severity and degree of hostility of his work environment. See Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607 (1st Cir. 2000)(reversing grant of summary judgment on hostile work environment claim in the face of comments as to the plaintiff's "kinky hair" and other incidents not explicitly racial in nature such as constant monitoring); Johnson v. United Parcel Serv., 2004 U.S. App. Lexis 23795 (6th Cir. 2004)(reversing summary judgment on the plaintiffs' hostile work environment claim in the face of a supervisor's use of racial epithets and other facially race neutral incidents); Williams v. Gen. Motors Corp., 187 F.3d 553, 565-66 (6th Cir. 1999)("The myriad instances in which Williams was ostracized, when others were not, combined with the gender-specific epithets used, such as 'slut' and 'fucking women,' create an inference, sufficient to survive summary judgment, that her gender was the motivating impulse for her co-workers' behavior.").

In the instant case, not only are there comments expressly directed at Puerto Ricans, said comments were uttered by Co-plaintiff Cruz-Alicea's superior. The fact that the comments were not directed at Co-plaintiff Cruz-Alicea is inconsequential. Indeed, "the fact that a plaintiff learns second-hand of a racially derogatory comment or joke by a fellow employee or supervisor can impact the work environment." See Schwapp v. Town of Avon,

**Civil No. 02-1383(SEC)**                                                                                                          7

118 F.3d 106, 111-12 (2d Cir. 1997) (citing Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997)). Furthermore, among the acts alleged by Co-plaintiff Cruz-Alicea as contributing to the hostile work environment are incidents severe enough to warrant disciplinary action.[2] For example, Co-plaintiff Cruz-Alicea was charged with improperly charging vehicle leases to the company's credit card and was suspended from work, without pay, for twenty-one (21) days. The investigation was later dropped and the incident removed from Co-plaintiff Cruz-Alicea's file. Given this record, and drawing all possible inferences in Plaintiffs' favor, we must **DENY** Defendants' motion.

### (iii) Retaliation

Lastly, Defendants object to the Magistrate's denial of their request for summary judgment on Co-plaintiff Cruz-Alicea's retaliation claim. Defendants argue that the Report and Recommendation "missed the point by mixing the claimed hostile environment charge with the alleged retaliatory acts." (Docket # 122 at p. 7). Defendants aver that the only two alleged acts that occurred after the filing of the EEOC charge on March 1, 2000 are insufficient to create an actionable claim for retaliation as they do not amount to an adverse employment action. According to Defendants, the sole two qualifying acts are the delay in approving overtime pay for union employees supervised by Co-plaintiff Cruz-Alicea and the request that he return the cellular phone that had previously been assigned to him. Additionally, Defendants aver that Plaintiffs failed to establish a causal connection between the purported retaliatory acts and the filing of the EEOC charge.

In response, Plaintiffs aver that amendments to an EEOC charge relate back to the original filing and assert their ability to add a new theory of recovery to the original complaint (Docket # 124 at pp. 7-9). The Court is puzzled by Plaintiffs' counter argument given that Defendants' argument is that the Court can only look at the incidents which took

---

[2] For a complete review of the alleged incidents of harassment see the Magistrate Judge's Report and Recommendation (Docket # 119).

place after Co-plaintiff Cruz-Alicea engaged in protected conduct and that, in this case, said incidents do not rise to the level of an adverse employment action and are not causally connected to the filing of the EEOC complaint. In determining that Co-plaintiff Cruz-Alicea suffered an adverse employment action, Magistrate Judge Gelpí made reference to all the acts alleged by Plaintiffs in relation to Co-plaintiff Cruz-Alicea's hostile work environment claim (Docket # 119 at p. 8 n. 1). Per Defendants' objection, we look at the two acts occurring subsequent to the filing of the EEOC charge, to wit, the taking of the cell phone and the delay in approving overtime pay for union employees supervised by Co-plaintiff Cruz-Alicea.

"To be adverse, an action must materially change the conditions of plaintiffs' employ." Gu v. Boston Police Dept., 312 F.3d 6, 14 (1st Cir. 2002)(citing Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996)("Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action."). "Material changes include 'demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees.'"Id. (quoting Hernández-Torres v. Intercont'l Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998)). In the instant case, accepting the two events as true, we find that they do not reach the level of an adverse employment action against Co-plaintiff Cruz-Alicea. They simply do not "materially change the conditions of [his] employment." Gu, 312 F.3d at 14. See Martins v. Inhabitants of Biddeford, 261 F. Supp. 2d 34, 38 (D. Me. 2003)(finding that demeaning, false, and embarrassing remarks made by the plaintiff's supervisor in conjunction with loss of cell phone and fax machine do not constitute and adverse employment action). Accordingly, we **REJECT** this portion of the Report and Recommendation and **GRANT** Defendants' motion for summary judgment on Co-plaintiff Cruz-Alicea's retaliation claim.

### 2. Factual Objections

Defendants raise a myriad of factual objections. We will address them in order to the

extent that it is necessary. First in the list is Defendants' assertion that Co-plaintiff Cruz-Alicea is not a former employee of PRASA and that the Magistrate Judge's statement that he was "eventually forced to resign" is factually incorrect. Plaintiffs admit that Co-plaintiff Cruz-Alicea continues to work for PRASA and reiterate that "he was forced to resign his position as Joint Director." (Docket # 124 at p. 2). However, the statements made by the Magistrate Judge were not the basis for the findings contained in his Report and Recommendation nor are they relevant to our analysis. Accordingly, we will disregard this first objection. The same is true regarding Defendants' second objection pointing to a factually incorrect assertion made in the Report as to Co-plaintiff's interim and career positions. To the extent that said factual averments are not accepted or clearly established by the record, they constituted disputed issues of material fact over which the Court cannot pass judgment at this stage. In addition, regardless of his resignation to whichever post Co-plaintiff Cruz-Alicea actually held, there is an issue of fact as to whether he resigned due to the hostile work environment as alleged by Plaintiffs.

In their third point Defendants make much of the fact that one of the actors carrying out the alleged discriminatory acts is Puerto Rican. Not only does this not constitute an objection to any portion of the Report and Recommendation, this asseveration is inconsequential as discussed above.

Fourth, Defendants maintain that the hostile work environment claim can only be made against CAPR/PSG and the retaliation claim against PRASA since Co-plaintiff Cruz-Alicea's EEOC charges are so limited. Having dismissed the retaliation claim, we will only address whether the hostile work environment claim is only actionable against CAPR/PSG and not against PRASA.

In their opposition, Plaintiffs submit that, per Defendants' statement of uncontested facts, PRASA signed a management contract with PSG (Docket # 96 at SUF 7). The Court is cognizant that in order to impose liability, "there must be an employment relationship

**Civil No. 02-1383(SEC)** 10

between the plaintiff and the defendant." Iverson v. Ingersoll-Rand Co., 125 Fed. Appx. 73, 75 (8th Cir. 2004)(internal citations and quotations omitted). However, liability may be imposed on a parent corporation if there is evidence that the parent corporation controlled the subsidiary's employment decision. Id. at 76 (stating that the central question is: "[W]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?")(citations omitted). See also, Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985)(upholding the application of the exception of "substantial identity," when a plaintiff claiming relief under Title VII has filed a charge with the EEOC against one corporation and not another and stating that "[a]ggrieved complainants should not be charged with the knowledge of the ofttimes intricate legal corporate relationships between closely held operating units"); EEOC v. Upjohn Corp., 445 F. Supp. 635, 638-39 (N.D.Ga. 1977)(holding that a corporation may be held liable under Title VII for the discriminatory actions of its subsidiary when there is evidence that the two corporations were so closely related in their activities and management as to constitute an "integrated enterprise" and when there is evidence of an "agency relationship" between the two corporations). Therefore, we find that, at a minimum, there is an issue of material fact as to whether the hostile work environment claim is actionable against PRASA as well.

Finally, Defendants' last attempt to nitpick at the Report and Recommendation concerns the fact that the EEOC charge does not include the derogatory comments allegedly made by Meiller which were first mentioned in the instant federal complaint. Given that these are not factual objections and that this issue was covered as part of Defendants' legal objection, there is no need to add more.

**Conclusion**

For the reasons set herein, the Magistrate's Report and Recommendation is **APPROVED and ADOPTED in part and REJECTED in part**. Accordingly, Defendants' motion for summary judgment is **GRANTED in part and DENIED in part**. Co-plaintiff

**Civil No. 02-1383(SEC)**                                                                                          11
_____

Cruz-Alicea's retaliation claim will be **DISMISSED WITH PREJUDICE**. Partial Judgment shall be entered accordingly.

A Pretrial and Settlement Conference is hereby set for **September 19, 2005 at 2:00 P.M.** The parties should come prepared to discuss settlement possibilities. In the event that settlement is not viable, the Court will proceed to set a trial date.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 15th day of September, 2005.

                                             S/ *Salvador E. Casellas*
                                             SALVADOR E. CASELLAS
                                             U.S. Senior District Judge